1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FIDEL VAZQUEZ DOMINGUEZ,

                 Petitioner,

     v.

LAURA HERMOSILLO, et al.,

                 Respondents.

Case No. 2:25-cv-02553-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Fidel Vazquez Dominguez is an individual who entered the United States without inspection in 2005, was arrested by immigration officers on November 29, 2025, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 58–59; Dkt. 6 at 9–12. On December 17, 2025, an Immigration Judge ("IJ") denied Vazquez Dominguez's request for bond, ruling that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 6 at 4–5. The IJ set bond in the alternative in the amount of $8,000. *Id.* at 4.

On December 12, 2025—prior to his bond hearing—Vazquez Dominguez filed a petition for writ of habeas corpus, arguing that his mandatory detention under § 1225(b)(2) violated the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 69–71. On December 15, the Court issued an order to show cause directing Respondents to file a return to the habeas petition. Dkt. 3. On December 29, Federal Respondents filed a return. Dkt. 5. On January 3, 2026, Vazquez Dominguez filed a traverse and a declaration of counsel informing the Court of the outcome of his bond hearing. Dkts. 6, 7. The habeas petition is now ripe for the Court's review. For the reasons that follow, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Vazquez Dominguez is entitled to habeas relief under *Rodriguez Vazquez*.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration

1    Court's practice of denying bond to Bond Denial Class members on the basis of

2    § 1225(b)(2) violates the Immigration and Nationality Act.

     *Id.* at *27.

3

4         Vazquez Dominguez argues that § 1225(b)(2) does not apply to him because he entered

5    the United States without inspection, was not apprehended on arrival, and resided in the United

6    States for years prior to his detention. Dkt. 1 ¶¶ 58–62, 69–71. While Federal Respondents

7    express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not

8    dispute that Vazquez Dominguez is a member of the Bond Denial Class for purposes of this

9    matter. Dkt. 5 at 2–3.

10        The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Vazquez

11   Dominguez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, ---

12   F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Vazquez Dominguez

13   has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to

14   habeas relief. *See* 28 U.S.C. § 2241(c)(3).

15        **B.     Vazquez Dominguez must inform the Court if he wishes to continue pursuing
                   claims for declaratory judgment.**

16        Though styled as a petition for writ of habeas corpus, Vazquez Dominguez's petition also

17   invokes this Court's general federal question jurisdiction and the Declaratory Judgment Act.

18   Dkt. 1 ¶¶ 13–14. In his prayer for relief, Vazquez Dominguez requests that the Court "issue a

19   Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative,

20   provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1

21   at 19. The Court has determined that Vazquez Dominguez is entitled to habeas relief based on

22   his membership in the *Rodriguez Vazquez* Bond Denial Class. But his prayer for relief also seeks

23   a declaratory judgment "that petitioner's stop and arrest without reasonable suspicion . . .

24

violates applicable regulations, the [Administrative Procedure Act], the INA, and the Fourth and Fifth Amendments to the Constitution of the United States." *Id.*

While Respondents have argued that Vazquez Dominguez's claims arising from his arrest are not cognizable in habeas, *see* Dkt. 5 at 4–6, they have not addressed whether he may pursue the declaratory relief he seeks under the Court's general federal question jurisdiction. *See Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (holding that action "for declaratory and injunctive relief" that accompanied habeas petition "independently provided the district court jurisdiction to hear Plaintiffs' challenges and authority to grant the types of relief that Plaintiffs sought"). It is also unclear whether Vazquez Dominguez intends to continue pursuing these general civil claims after his release from custody. The parties are therefore directed to meet and confer to discuss whether these claims remain after Vazquez Dominguez's release on bond and, if they do, propose a deadline for Vazquez Dominguez to amend his complaint and Respondents to answer.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within ONE day of this Order, Respondents must either release Petitioner Fidel Vazquez Dominguez or allow his release upon payment of the alternative bond amount of $8,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3.    The parties are directed to meet and confer regarding whether Petitioner intends to pursue his claims for declaratory judgment following his release on bond. The parties shall file a joint status report no later than January 20, 2026.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Dated this 5th day of January, 2026.

Tiffany M. Cartwright
United States District Judge